### RUTHERFORD *v.* SCHOTTMAN *et al.*

*(Supreme Court, General Term, Fifth Department.* June, 1888.)

1. PAYMENT—APPLICATION—HOW MADE.
   Plaintiff's assignor, S., was a member of a mercantile firm, and upon its dissolution assumed, as between himself and the other partners, an indebtedness for goods purchased of defendants. S. continued the business separately, still dealing with defendants, without any settlement or closing of the account; an account being opened with him on their books individually. Numerous payments were made on account; no express application thereof being made, all being placed to his individual account, except two, made at a time when he owed them nothing individually. Shortly after the dissolution, these two were made and credited to the firm, and soon after, at the beginning of the year 1886, the balance of the old account was carried to the new. During all this transaction, S. was in failing circumstances, and, some two or three years after the opening of the account, made an assignment. The books of S. showed only the individual account, to which he placed all the payments made. *Held,* that the parties had by implication applied at least all the payments made before 1886 to the individual account, except the two mentioned.

2. FRAUDULENT CONVEYANCES—WHAT CONSTITUTES—JUDGMENT BY CONFESSION.
   A statement whereon a confession of judgment is made, averring the judgment debtor to be indebted individually to an amount greater than is true, caused by failing to deduct payments applied to the individual account, and attempting to place them to an account with a firm of which the debtor was a member, is fraudulent in law, and such judgment is, at the suit of the assignee of the debtor for the benefit of creditors, void.

Appeal from special term.

Action by Thomas R. Rutherford, assignee for the benefit of creditors of Morris Schottman, against Julius Schottman and others, to set aside a judgment confessed by said Morris Schottman, as fraudulent and void. Judgment for plaintiff, and defendants appealed.

*Wm. F. Cogswell,* for appellants.   *J. F. Parkhurst,* for respondent.

DWIGHT, J. The action was to set aside a judgment confessed by the plaintiff's assignor to the defendants. The complaint contained several allegations of fraud, and of conspiracy to defraud the creditors of the assignor, which were either negatived or not found by the trial judge. But it was also alleged, and so it was found, that the statement upon which the confession of judgment was made, was not true; and for that reason the judgment was held fraudulent and void as against the plaintiff. The falsity alleged and found, consisted, in the main, of an overstatement of the amount of indebtedness, resulting; in the main, from an under-statement of the amount of payments made thereon; and the whole case, so far as we find it necessary to consider it on this appeal, is resolved into a question of the application of payments. The question arises as follows: In August, 1883, the plaintiff's assignor, Morris Schottman, of Bath, and his brothers, Heiman and Jacob, formed a copartnership in the clothing business at Bath, under the name of Schottman Bros., which continued until March, 1885, when it was dissolved. They bought goods of the defendants, Schottman Bros., of New York, and at the date of the dissolution they owed the New York firm $1,930, which, as between themselves, was assumed by Morris, of Bath, who continued the business in his own name. He also continued to buy goods of Schottman Bros., of New York, making payments from time to time; and, at the date of the confession of judgment, the balance of his indebtedness to the defendants, on both the old account of Schottman Bros., of Bath, and his individual account,

was $4,201.50; being the amount for which judgment was confessed. But the statement upon which the confession was made, was of an individual indebtedness merely,—for goods sold to Morris Schottman alone,—to the amount of $5,301.50, no part of which (it was stated) had been paid except the sum of $1,100, leaving the balance of $4,201.50, for which judgment was confessed. The statement, though correct as to the final amount of indebtedness, was plainly false as to its consideration, and as to the aggregate of payments made thereon, unless, by the application of payments to the required amount, the old ·indebtedness had been extinguished, leaving only the individual indebtedness unpaid, and only the balance of the payments made applicable thereto; and this the appellants contend was the application of the payments made by the law. The rule of law relied upon is not open to question, nor its effect in applying the payments made, provided it was left for the law to make the application; otherwise if the parties themselves have made other application of those payments, or a portion of them. And so the question becomes one of fact, did the parties themselves apply payments, as they were made, during the period in question, to the current individual indebtedness of Morris Schottman?

This question the trial judge has by implication answered in the affirmative, and in so doing we think he was supported by the evidence. *First.* It was altogether likely that payments would be so applied. It could apparently make no difference to the debtor whether he paid the earlier or later account; but to the creditors there was all the difference that existed between the responsibility of the three persons who were liable for the old debt, and that of Morris Schottman, who, as the sequel showed, was all this time in failing circumstances. *Second.* The books of both the parties indicate that a large portion of the payments in question were so applied. The account as kept by Morris Schottman, the debtor, contained no part of or reference to the old account of the Bath firm, but was an individual account of new purchases from the New York house after the dissolution, in which he credits himself with all the payments which, by his book, appear to have been made by him during the same period. The books of Schottman Bros., the creditors, are even more significant upon the question of the actual application of the payments in question. In those books an individual account was opened with Morris Schottman, of Bath, immediately upon the dissolution, while the old account of Schottman Bros., of Bath, remained unclosed. Two of the payments made by Morris during the year 1885 (amounting to $500) were credited to the old account, and all the remainder during that year were credited to the new and individual account of Morris Schottman. No balance or footings were carried from the old account into the new until 1886. Indeed, the old account was not footed until after the entry of the last of the two credits above mentioned, (which was of October 5, 1885,) nor, so far as it appears, until the close of the year. Then the footings of the old account were figured into the individual account of Morris, and the balance of the whole was carried to the opening of his account for the year 1886. So that, during the year 1885, from the time of the dissolution of Schottman Bros., of Bath, all the payments made by Morris Schottman were credited to his individual account, with the two exceptions mentioned, which were credited to the old account; and those exceptions seem to have peculiarly the effect of "proving the rule." The fact that they only, out of the whole number of payments, were so credited, shows that a clear distinction was made between the two accounts. Why these two payments were credited in the old accounts is not explained by direct evidence; but a very reasonable explanation is suggested by the fact (pointed out by counsel for the respondent) that, at the times those payments were made, there was nothing due on the individual account of Morris Schottman. As we have already observed, the distinction between the two accounts was not maintained after the year 1885, but during that year the number of payments

credited to the individual account was nine, and their aggregate was $1,466.50. Thus we think, in the absence of any evidence to the contrary, the fact is established that, by the act and consent of the parties, actual appropriation of the payments in question to at least the amount of $1,466.50 was made to the extinction of the individual indebtedness of Morris Schottman. It was competent for the parties to make that appropriation, and, being made, the law does not operate to disturb it. See Munger, Paym. 102, and the cases cited. Besides the $500 specifically appropriated to the old debt and $1,466 to the new, the payments made by the debtor amount to $1,900. By the first appropriation the old debt was reduced to $1,430. This left $470 of the payments not appropriated, to apply on the new debt, in addition to the $1,466 appropriated thereto; and the total credit applicable to the individual indebtedness of Morris Schottman, mentioned in the confession, was $1,936, instead of $1,100, as therein stated. This result supports the finding of the trial judge as to the falsity of the statement contained in the confession of judgment, and his conclusion of law is well founded upon such finding of fact. Whether the statement was intentionally false, and thus the confession fraudulent in fact, is immaterial. It was fraudulent in law, and the judgment confessed was consequently void. *Bank* v. *Doty*, 41 Hun, 76. The judgment of the special term must be affirmed, with costs.

All concur.